## AARON GEORGE

*v.*

## ARNOLD THOMASON.

1. EJECTMENT—*proof of title by parol—presumption.* In an action of ejectment, where the defendant sought to show, by parol evidence, that the plaintiff's title had been divested under a judgment, execution and sheriff's deed, the records showing the facts having been destroyed by fire, it appeared the attorney who procured the judgment had no recollection of a sale and deed, although his client resided abroad, and, as he said, all the papers would have come into his hands—he could only give his impression from the general course of his business. And the sheriff who was in office at the time of the alleged sale, being called, testified that he had no recollection of ever selling the premises in controversy: *Held,* that the fact that neither the sheriff nor the attorney had any recollection of a sheriff's sale, raised a strong presumption that it never took place.

WRIT OF ERROR to the Circuit Court of Moultrie county; the Hon. A. J. GALLAGHER, Judge, presiding.

This was an action of ejectment, brought by George against Thomason, to recover lot 8 in block 3 in the town of Sullivan, Moultrie county, Illinois. The declaration was in the usual

form, claiming the fee simple title in the plaintiff. The defendant pleaded not guilty.

A trial before the court, a jury being waived, resulted in a finding and judgment for the defendant. To reverse this judgment the plaintiff brings the record to this court.

Mr. N. M. BROADWELL, and Messrs. E. L. &. W. L. GROSS, for the plaintiff in error.

Mr. JOHN R. EDEN, for the defendant in error.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

In this case, the plaintiff proved a prior possession, and the defendant sought to show his title had been divested under a judgment, execution and sheriff's deed. The court house had been burned, and it was claimed that the records showing these facts had been destroyed. The defendant undertook to make the requisite proof by parol. Admitting that the proof of the judgment was sufficient, that of a sale and deed by the sheriff was wholly inadequate. Even the attorney who procured the judgment had no recollection of a sale and deed, although his client resided abroad, and he says all the papers would have come into his hands. He can only give his impression derived from his general course of business. The sheriff, who was in office at the time of the alleged sale, being called, says he has no recollection of ever selling the lot in controversy. It can not be said there was any evidence of a sheriff's sale entitled to consideration, and the fact that neither the sheriff nor attorney has any recollection of such a sale, raises a strong presumption that it never took place.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*

Justice THORNTON, having been of counsel in this case, took no part in this decision.